ed by 9th Cir. R. 36–3.

**Karine MARTIROSYAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70454.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 28, 2009.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Victoria Bezman, Esquire, Law Offices of Victoria Bezman, Encino, CA, for Petitioner.

Liza Murcia, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Karine Martirosyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny in part and dismiss in part the petition for review.

We decline to consider the evidence Martirosyan attached to her opening brief because our review is limited to the administrative record underlying the BIA's decision. 8 U.S.C. § 1252(b)(4)(A); *see Fisher*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

■ Substantial evidence supports the agency's determination that the brief detentions and beatings Martirosyan suffered, which did not require medical treatment, did not rise to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Further, the record does not compel the conclusion that Martirosyan has a well-founded fear of future persecution. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir. 2005). Accordingly, Martirosyan's asylum claim fails.

■ Because Martirosyan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher,* 79 F.3d at 960–61.

■ Substantial evidence supports the agency's denial of CAT relief because Martirosyan has not established it is more likely than not that she will be tortured if she returned to Armenia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

■ We lack jurisdiction to consider Martirosyan's due process contentions concerning her removal from the United States because they arise independently of her final order of removal. *See Singh v. Gonzales,* 499 F.3d 969, 977–79 (9th Cir. 2007) (distinguishing between challenges to final orders of removal over which this court has jurisdiction under 8 U.S.C. § 1252 and challenges that arise independently).

■ We also lack jurisdiction to consider Martirosyan's challenge to the IJ's finding that the Department of Homeland Security had sustained the removal charge

under 8 U.S.C. § 1182(a)(6)(C)(i), because it was not raised before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**